IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EBONÉ HARRIS,<br><br>*Plaintiff*,<br><br>v.<br><br>HOSPITALITY VENTURES MANAGEMENT – ATL CROWN PERIMETER, LLC D/B/A EMBASSY SUITES, HILTON ATLANTA PERIMETER,<br><br>*Defendant*. | CAFN: _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Hospitality Ventures Management – ATL Crown Perimeter, LLC, hereby removes the above-captioned lawsuit from the State Court of DeKalb County, Georgia, in which it is currently pending, to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds for the removal of this case, the Defendants state as follows:

1.

Plaintiff Eboné Harris filed the underlying lawsuit against Defendant on November 22, 2022 in the State Court of DeKalb County, Georgia.

2.

This case is removable pursuant to 28 U.S.C. § 1441(a), which provides in relevant part:

> [A]ny civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant or the Defendants, to the District Court of the United States for the district and division embracing the place where the action is pending.

## DIVERSITY

3.

As such, this Court has jurisdiction over this case on the ground of diversity of citizenship of Plaintiff and Defendant, pursuant to 28 U.S.C. § 1332.

4.

Plaintiff is, and has been at all times pertinent, a resident of the State of New York.

5.

Defendant is a foreign limited liability company incorporated under the laws of the State of Delaware, with its principal place of business located at 990 Hammond Drive, Suite 325, Atlanta, Georgia 30328. Defendant is wholly owned by Hospitality Ventures Management, LLC, which is a foreign limited liability company incorporated under the laws of the State of Delaware and domiciled in the State of Georgia.

6.

Thus, complete diversity of citizenship exists between Plaintiff and Defendant.

## AMOUNT IN CONTROVERSY

7.

The amount in controversy in this action is in excess of $75,000.00, exclusive of interest and costs.

## NOTICE OF REMOVAL

8.

The instant Notice of Removal is being filed within thirty (30) days of November 30, 2022, the date Defendant's registered agent was served by process server.

9.

Promptly after the filing of this Notice of Removal, Defendants will serve notice of the filing of this removal to Plaintiff and to the Clerk of State Court of DeKalb County, Georgia, pursuant to 24 U.S.C. § 1446(d).

## VENUE

10.

Venue properly lies with this Court in accordance with 28 U.S.C. § 1441(a).

11.

A copy of all process, pleadings, and orders served by or upon Defendant are attached to this Notice of Removal as Exhibit "A," as is required by 28 U.S.C. § 1446(a).

This 30th day of December, 2022.

                                                LEVY PRUETT CULLEN

                                                */s/ Susan J. Levy*
                                                SUSAN J. LEVY
                                                Georgia Bar Number: 004310
                                                DAIMON L. CARTER
                                                Georgia Bar Number: 365053
                                                *Attorneys for Defendant*

LEVY PRUETT CULLEN
125 Clairemont Avenue
Two Decatur TownCenter, Suite 410
Decatur, Georgia 30030
Telephone: 404-371-8857
Facsimile: 404-371-8882
Susan@levypruettcullen.com
Daimon@levypruettcullen.com

## **CERTIFICATE OF COMPLIANCE**

The foregoing *Notice of Removal* document is double spaced in 14-point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 5.1.

This 30th day of December, 2022.

            LEVY PRUETT CULLEN

            */s/ Susan J. Levy*
            SUSAN J. LEVY
            Georgia Bar Number: 004310
            DAIMON L. CARTER
            Georgia Bar Number: 365053
            *Attorneys for Defendant*

LEVY PRUETT CULLEN
125 Clairemont Avenue
Two Decatur TownCenter, Suite 410
Decatur, Georgia 30030
Telephone: 404-371-8857
Facsimile: 404-371-8882
Susan@levypruettcullen.com
Daimon@levypruettcullen.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing *Notice of Removal* via the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Laquetta S. Pearson
Law Offices of Laquetta S. Pearson, PC
612 Moreland Ave., SE
Atlanta, GA 30316
laquetta@lspearsonpc.com
*Attorney for Plaintiff*

This 30th day of December, 2022.

                                                                                                          LEVY PRUETT CULLEN

                                                                                                          */s/ Susan J. Levy*
                                                                                                          SUSAN J. LEVY
                                                                                                          Georgia Bar Number: 004310
                                                                                                          DAIMON L. CARTER
                                                                                                          Georgia Bar Number: 365053
                                                                                                          *Attorneys for Defendant*

LEVY PRUETT CULLEN
125 Clairemont Avenue
Two Decatur TownCenter, Suite 410
Decatur, Georgia 30030
Telephone: 404-371-8857
Facsimile: 404-371-8882
Susan@levypruettcullen.com
Daimon@levypruettcullen.com

6

# EXHIBIT "A"

No. 22A04532

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

Date Summons Issued and E-Filed

11/22/2022

**SUMMONS**

/s/ Monica Gay

Deputy Clerk

Deposit Paid $ _____

Ebony Harris
_____

Plaintiff's name and address

VS.

[X] JURY

Hospitality Ventures Management-ATL Crown Perimeter LLC d/b/a Embassy Suites Hilton Atlanta Perimeter

900 Hammond Drive Ste. 325, Atlanta, GA 30328

Defendant's name and address

### TO THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Laquetta S Pearson

**Name**

912 Moreland Ave., SE, Atlanta GA 30316

**Address**

404-627-2011

**Phone Number**

Georgia Bar No.

an ANSWER to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

| Defendant's Attorney | | Third Party Attorney | |
|---|---|---|---|
| Address | | Address | |
| Phone No | Georgia Bar No. | Phone No. | Georgia Bar No. |

**TYPE OF SUIT**

☑ Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ _____
Interest $ _____
Atty Fees $ _____

Access to the e-filing site and the rules is available at www.dekalbstatecourt.net
To indicate consent to e-service check the box below.
☑(Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-File summons1-2015

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| EBONÉ HARRIS, <br> Plaintiff, <br><br> v. <br><br> HOSPITALITY VENTURES <br> MANAGEMENT-ATL. CROWN <br> PERIMETER, LLC D/B/A <br> EMBASSY SUITES, HILTON <br> ATLANTA PERIMETER, <br> Defendants. | CIVIL ACTION <br> FILE NO. 22A04532 |

## PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES, PAIN AND SUFFERING, AND MEDICAL EXPENSES

COMES NOW, Eboné Harris, Plaintiff in the above-styled action who hereby bring this Complaint for Personal Injuries, Pain and Suffering, and Medical Expenses by showing the Court as follows:

### PARTIES, VENUE, AND JURISDICTION

1.

Plaintiff, Eboné Harris is and at all times pertinent a resident of the State of New York.

2.

Defendant, Hospitality Ventures Management-ATL. Crown Perimeter, LLC is a duly licensed corporation in the state of Delaware with its principal offices at 990 Hammond Drive, Suite 325, Atlanta, GA 30328. Defendant, partners with individuals and operates several locations in Georgia, more specifically, Dekalb County. Defendant

2022121218016 7 <br> 12-12-2022 <br> 302066276770001 <br> STATE COURT <br> DEKALB COUNTY, ( <br> 11/22/2022 10:45 <br> E-FIL <br> 5120221212180167

may be served with summons and complaint via their registered agent, Cogency Global. Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, GA 30076.

3.

Defendant is subject to the jurisdiction and venue of this Court.

## FACTUAL ALLEGATIONS

4.

On or about November 26, 2020, Defendant owned and operated, managed, and/or maintained or had a duty to own, operate, manage, and/or maintain, both individually and by and/or through its agents, servants and/or employees, a certain premise located at 1030 Crown Pointe Parkway, Atlanta, Georgia 30338.

5.

At the aforesaid time and place, Plaintiff was lawfully on said premises.

6.

At the aforesaid time and place, the Defendants individually and/or by and through its agents, servants, and/or employees maintained the aforementioned premises including the structure and facilities on said premises where the areas became hazardous and/or caused a shower handle and/or knob to fall, striking Plaintiff in the foot/ankle.

7.

At the aforesaid time and place, as the Plaintiff was on the premises, she was struck, thus sustaining severe and permanent injuries.

## COUNT ONE

## NEGLIGENCE

8.

At the aforesaid time and place, the Defendant individually and/or by and through its agents, servants, and/or employees had a duty to maintain the aforementioned premises pursuant to OCGA § 51-3-1 including but not limited to: the shower, the faucet, and handles in a reasonably safe condition for persons lawfully on said premises, to include the Plaintiff herein.

9.

At the aforesaid time and place, the Defendant by and through its agents, servants and/or employees, disregarding said duty caused the premises to be dangerous and/or failed to properly maintain or repair the premises, allowing and/or causing the shower to be dangerous and unsafe for use, and as a result of this dangerous condition, the Plaintiff injured her foot and ankle.

10.

As a direct and proximate result of Defendant's careless and negligent acts the Plaintiff, Eboné Harris, then and there suffered great pain and anguish, both in mind and body and will in the future continue to suffer. The Plaintiff, Eboné Harris, further expended and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

11.

As a direct and proximate result of the combined negligent, wanton and/or reckless conduct of the Defendant by and through its agents, servants and/or employees as described above, Plaintiff, Eboné Harris, suffered serious, painful, debilitating, and permanent injuries. Eboné Harris consciously experienced these injuries at the time of the incident and such injuries are continuing in nature.

12.

Although Defendant knew or should have known that dangerous risks were associated with failure to maintain the facilities, shower faucet, and handles, Defendant did not remove the hazards from the area or provide notice of the hazard.

13.

As a direct and proximate result of the combined negligent, wanton and/or reckless conduct of the Defendant as described above, Plaintiff has suffered and will suffer general, compensatory, and special damages, for which Defendant is liable.

## COUNT TWO

## PUNITIVE DAMAGES

14.

Plaintiff incorporates by reference and re-alleges each preceding paragraph of this Complaint as if restated completely herein.

15.

The conduct of Defendant, as set forth herein above, showed willful misconduct, malice, fraud, wantonness, oppression or that entire want of care which would raise the presumption of a conscious indifference to consequences. Accordingly, punitive damages should be imposed against each Defendant pursuant O.C.G.A. § 51-12-5.1 and other applicable laws, to punish and deter each Defendant from repeating or continuing such unlawful conduct.

## COUNT THREE

## LITIGATION EXPENSES

16.

Plaintiff incorporates by reference and re-alleges each and every preceding paragraph of this Complaint as if restated completely herein.

17.

Defendant has acted in bad faith, has been stubbornly litigious, and/or has caused the Plaintiff unnecessary trouble and expense. As such, Plaintiff is entitled to attorney's fees and costs pursuant to O.C.G.A. § 13-6-11.

### WHEREFORE, Plaintiffs pray:
(a) That process issue according to law;
(b) That Defendant be served with a copy of Plaintiff's Complaint and show cause why the prayers for relief requested by Plaintiff herein should not be granted;
(c) That Plaintiff be granted a trial by jury in this matter;
(d) That the Court enter a judgment against Defendant, jointly and severally, for all general and compensatory damages allowable to Plaintiff;
(e) That the Court enter a judgment against Defendant, jointly and severally, for all special damages allowable to Plaintiff;
(f) That the Court enter a judgment against Defendant serving to award Plaintiff punitive damages under the provisions of O.C.G.A. § 51-12-5.1;
(g) That the Court enter a judgment against Defendant serving to award Plaintiff's attorneys' fees and costs of litigation under the provisions of O.C.G.A. § 13-6-11;
(h) That the Court enter a judgement against Defendant, jointly and severally, for all other relief sought by Plaintiff under this Complaint;
(i) That the costs of this action be cast upon Defendant; and
(j) That the Court grant Plaintiff such further relief which the Court deems just and appropriate.

Respectfully submitted this 21st day of November, 2022.

LAQUETTA S. PEARSON
Georgia State Bar No. 569369
*Attorney for Plaintiff*

Law Offices of Laquetta S. Pearson, PC
612 Moreland Ave., SE
Atlanta, GA 30316
404.627.2811 telephone
laquetta@lspearsonpc.com

STATE COURT OF
DEKALB COUNTY, GA.
11/22/2022 10:45 AM
E-FILED
BY: Monica Gay

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| EBONÉ HARRIS, | |
| Plaintiff, | |
| | |
| v. | CIVIL ACTION |
| | FILE NO. |
| HOSPITALITY VENTURES | |
| MANAGEMENT-ATL CROWN | |
| PERIMETER, LLC D/B/A | |
| EMBASSY SUITES, HILTON | |
| ATLANTA PERIMETER, | |
| Defendants. | |

## VERIFICATION

Personally appeared before me the undersigned officer authorized to administer oaths, the Plaintiff herein, who after being duly sworn, on oath says that the facts set forth in the foregoing *Complaint for Damages* are true and correct to the best of her knowledge and belief.

This 21st day of November, 2022.

_____
EBONÉ HARRIS
*Plaintiff*

Sworn to and subscribed
before me this 21st day of
November, 2022.

_____
NOTARY PUBLIC
My commission expires: 7/27/23

[Notary Seal: AUBREY E. ORR, NOTARY, EXPIRES 07/27/2025, GEORGIA, PUBLIC, COWETA COUNTY]

Civil Action No. 22A04532

Date Filed 11/22/22

Magistrate Court ☐
Superior Court ☐
State Court ☑

**Georgia, Gwinnett County**

Ebone Harris

**Plaintiff**

Attorney's Address S. Pearson, Esq.
1012 Moreland Ave, SE
Atlanta, GA 30316

VS.

Hospitality Ventures Mgmt
ATL Crown Perimeter, LLC
d/b/a Embassy Suites, Hilton
Atlanta Perimeter

**Defendant**

Name and Address of party to be served.
Hospitality Ventures Mgmt,
c/o Cogency Global, Inc.
900 Old Roswell Lakes Pkwy
Ste. 310
Roswell, GA 30076

**Garnishee**

## Sheriff's Entry Of Service

**Personal ☐** I have this day served the defendant _____ personally with a copy of the within action and summons.

**Notorious ☐** I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at the residence of defendant.

**Corporation ☑** Served the defendant Hospitality Ventures Mgmt a corporation by leaving a copy of the within action and summons with Scott Pruitt in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail ☐** I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est ☐** Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _30_ day of _Nov_, 20_22_.

_____
**Deputy**

Sheriff Docket _____ Page _____

**Gwinnett County, Georgia**
~~Gwinnett~~ Fulton

WHITE: Clerk    CANARY: Plaintiff / Attorney    PINK: Defendant

SC-2 Rev.3.13